FILED
2007 Sep-27 PM 12:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| JOHNNY LEE TALLEY, | ) |
| Plaintiff, | ) |
| vs. | ) 4:03-cv-01190-RBP-JEO |
| LENNIE GIBSON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on January 24, 2007, recommending that the defendants' motion for summary judgment against Terri Wilkinson be granted and this cause be dismissed with prejudice for failure to state a claim and the remainder of the plaintiff's claims be dismissed without prejudice for failing to exhaust his administrative remedies prior to filing this lawsuit. (Doc. 70). On February 5, 2007, the plaintiff filed a motion for an extension of time in which to file objections and a motion to conduct additional discovery. (Doc. 71).

On February 9, 2007, the court granted the plaintiff's motion to conduct additional discovery and entered an order directing the plaintiff to submit an affidavit within ten days stating to the court: the name of the staff member(s) to whom the plaintiff informally presented his issue of concern; the date on which the plaintiff made the request; and the exact response he received. (Doc. 73). The plaintiff had made it very clear to the court that he had been very unhappy with the conditions and services he received at the Etowah County Jail, but just general complaining will not support a federal lawsuit against the providers of those services. Accordingly, the plaintiff was instructed to go past the vague allegations of wrongdoing and provide specific information.

The order further directed the defendants to respond by filing a supplemental special report within ten days of the plaintiff filing his affidavit. The defendants were directed to address the plaintiff's allegations and include a copy of the detainee grievance log from June 2002 to May 20, 2003. *Id*.

In responding, the plaintiff fails to provide the specific information requested by the court and continues to complain generally by stating, "Plaintiff filed his 1st Grievance on 12-17-02." The plaintiff does not say to whom he gave the grievance and what response he received. Presumably, the plaintiff was not satisfied with the results, but he does not claim to have appealed that response.

The plaintiff complains that Ms. Hayes denied him a grievance form on December 15, 2002, and again on January 8, 2003, but in January the plaintiff filed "an alternative grievance." (Doc. 74 at p. 3). Officer Blythe states that detainees are not required to use a specific form and can use any paper, including a napkin, to write a grievance and give it to any officer or drop it in the locked box in any of the ten units. In the alternative, an inmate can use a formal grievance form. If the inmate is dissatisfied with the result, there are two levels of appeal available. In the plaintiff's statement regarding the difficulty he had in using the grievance procedure, he states,

> Due to the fact defendant Glenda Hayes constant[sic] and numerous refusal [sic] to provide plaintiff with administrative grievance form[sic], Plaintiff submitted a [sic] (alternative grievance) on numerous sickcall slips creating his own paper trail . . . .

*Id*. at p. 5. Based on the plaintiff's own admissions, it is clear that he filed grievances about the conditions in the Etowah County Detention Center. However, when he was dissatisfied with the results of the grievance, he merely filed another grievance, rather than exhausting the multi-step grievance procedure available to him.

The Supreme Court has said that complete exhaustion of administrative remedies is required

even if the administrative process cannot provide the plaintiff with the relief he seeks. *Booth v. Churner*, 532 U.S. 731, 741 (2001). In the instant action, the defendants have demonstrated that the plaintiff has failed to meet his administrative remedies. *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

In *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998), the Eleventh Circuit Court of Appeals discussed the amendment of 42 U.S.C. § 1997e(a) by the PLRA, concluding that "Congress now has mandated exhaustion" and that "exhaustion is now a pre-condition to suit [by prisoners]." 159 F.3d at 1325-26. The court specifically held that "the judicially recognized futility and inadequacy exceptions [that had existed under former § 1997e(a)] do not survive the new mandatory exhaustion requirement of the PLRA." *Id*. at 1325. Thus, the plaintiff's failure to utilize the full grievance procedure that existed at the Etowah County Detention Center cannot be excused on the basis of futility. Under current law, the plaintiff must exhaust the administrative procedure before proceeding herein. The statute provides for no exceptions. The statute precludes any further action on these claims until the plaintiff has fully and properly exhausted the administrative remedy procedure. A plaintiff cannot be excused from the PLRA's mandatory exhaustion requirements based on conclusory allegations that his grievances were ignored. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (holding that merely filing a grievance without further action does not demonstrate exhaustion of administrative remedies as contemplated by the PLRA). Simply put, the plaintiff has not shown that he complied with the exhaustion mandate in regard to the administrative remedy procedure. Under current law, he must do so before proceeding herein.

Because the foregoing requirements are designed to deal with parties who do not want to exhaust available administrative remedies, the law requires the parties to give the agency a fair and

full opportunity to adjudicate their claims. Accordingly, a plaintiff must use all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis added).

Rather than provide the court with the requested information, the plaintiff argues that the grievance procedure does not work the way the defendants say it does and that forms were unavailable. The defendants provided a copy of the grievance log which supports their position that there is a grievance procedure in place at the ECDC. At most, the plaintiff has shown that the grievance system was difficult for him to access and the appeal process lengthy, but he has failed to show that he was denied access to the administrative remedies process.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the supplemental special report, and the objections filed by the plaintiff, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED**. The court **EXPRESSLY FINDS** that the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motion for summary judgment is due to be **GRANTED** and this action is due to be **DISMISSED WITHOUT PREJUDICE** as to all claims and the defendants except defendant Terri Wilkinson. All claims against Terri Wilkinson are due to be **DISMISSED WITH PREJUDICE**.

A Final Judgment will be entered.

**DONE**, this the 27th day of September, 2007.

_____
**ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE**